# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | CASE NO: 1:17 CR 0151 |
| | ) | |
| v. | ) | Judge Dan Aaron Polster |
| | ) | |
| GEORGE R. WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | **OPINION AND ORDER** |
| | ) | |

Before the Court is Defendant George R. Williams' Motion for Reduction in Sentence on Compassionate Grounds. ECF Doc. 30. On January 3, 2018, Williams was sentenced to 97 months in prison after he pleaded guilty to one count of Possession with Intent to Distribute Drugs and two counts of Possessions of Firearms During Drug Trafficking. ECF Doc. 27. He is currently being held at FCI Allenwood Medium with an expected release date of May 11, 2024.[1]

Williams represents that he has exhausted his request for a sentence reduction. ECF Doc. 30 at 44. However, he has not shown extraordinary and compelling reasons warranting a sentence modification. Under 18 U.S.C. § 3582(c)(1)(A)(i), before granting a sentence modification, a court must find: (A) extraordinary and compelling reasons warrant a sentence modification; (B) the defendant is not a danger to the safety of any other person or the

---

[1] Federal Bureau of Prisons Inmate Search as of March 12, 2021.

1

community, and (C) the reduction is appropriate considering the sentencing factors located at 18 U.S.C. § 3553(a). 18 U.S.C. §3582(c)(1)(A).

To determine whether extraordinary and compelling reasons for sentence modification exist, the Court considers whether: (1) the defendant is at high risk of having grave complications should he contract COVID-19, and (2) the prison where the defendant resides has a severe COVID-19 outbreak. *See United States v. Jones*, No. 20-3701, 980 F.3d 1098, 1109 (6th Cir. Nov. 20, 2020) ("Until the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release…"). Williams' motion does not show any extraordinary or compelling reason warranting a reduction of his sentence. He has asthma, which is on the CDC's list of conditions that "might" be at an increased risk for severe illness from the virus that causes COVID-19.[2] But the prison where Williams is incarcerated has only one active COVID-19 infection and that is of a staff member.[3] Accordingly, there is no severe outbreak at FCI Allenwood, and Williams has not shown extraordinary and compelling reasons for sentence modification. Nor does the fact that Williams' children have medical conditions constitute extraordinary and compelling reason for sentence modification. Moreover, Williams has not shown that he is no longer a danger to the safety of others and/or his community. He pleaded guilty to serious drug trafficking activity involving a firearm and has over three years left on his sentence.

---

[2] People with Certain Medical Conditions, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited March 12, 2021).
[3] COVID-19 Coronavirus, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited Mar. 12, 2021).

Accordingly, for the reasons stated herein, the Court DENIES Williams' pending Motion for Reduction in Sentence on Compassionate Grounds. ECF Doc. 30.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster   3/12/2021*
**Dan Aaron Polster**
**United States District Judge**